UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARIBBEAN HYPERBARIC
MEDICINE, LLC, and TYLER
D. SEXTON,

    Plaintiffs,

v.                                                                                            Case No. 8:24-cv-684-KKM-AAS

BARRY MICHAEL MEUSE, and
CRYSTAL CREEK HEALTHCARE
CAPITAL LLC,

    Defendants.
_____

## ORDER

Caribbean Hyperbaric Medicine, LLC, and Dr. Tyler Sexton sue Barry Meuse and his company, Crystal Creek Healthcare Capital LLC, in connection with an agreement between the parties to start a medical business. *See generally* Compl. (Doc. 2). Because the plaintiffs fail to establish subject-matter jurisdiction, this action is dismissed.

Dr. Sexton and Caribbean sue Meuse and Crystal Creek for breach of contract, unjust enrichment, and fraudulent inducement in connection with an effort to open a hyperbaric medicine[1] business. *See* Compl. ¶¶ 36–59. The defendants failed to appear after

---

[1] "Hyperbaric [o]xygen [t]herapy . . . involves the inhalation of 100 [percent] oxygen at increased atmospheric pressures." *United States v. Healogics, Inc.*, No. 614CV283ORL31KRS, 2016 WL 2744949, at *2 (M.D. Fla. May 11, 2016). It can be used to treat a variety of conditions. *See id.*; *see also Hyperbaric Oxygen Therapy*, CLEVELAND CLINIC (last visited Mar. 24, 2025), https://perma.cc/68KZ-WYVF.

being properly served, *see* (Docs. 7, 11), and the clerk entered a default against them, (Doc. 17). Dr. Sexton and Caribbean then moved for the entry of default judgment. (Doc. 23). The Magistrate Judge returned a Report and Recommendation recommending entry of judgment in favor of the plaintiffs in the amount of $1,844, 641.60 plus interest, as well as attorney's fees. R&R (Doc. 31).

After reviewing the record, I ordered the plaintiffs to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. (Doc. 32). Particularly, I ordered the plaintiffs to explain why the complaint adequately alleged the parties' citizenship, and I permitted them to "submit . . . affidavits or other evidence showing diverse citizenship." *Id.* Dr. Sexton and Caribbean have availed themselves of the opportunity, but their evidence does not establish diversity jurisdiction.

A "court must ensure that it has jurisdiction over the parties" before it enters default judgment. *Bykov v. Idiatulin*, No. 8:23-CV-1420-TGW, 2024 WL 2304371, at *3 (M.D. Fla. Mar. 27, 2024). Jurisdiction based on diversity of citizenship requires complete diversity between the parties—no defendant may be a citizen of the same state as any plaintiff, and vice versa. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267–68 (1806) (Marshall, C.J.); *see also* 28 U.S.C. § 1332(a). A natural person is a citizen of the place they are domiciled (that is, the last place where they were present and intended to remain indefinitely). *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per

2

curiam). Mere residence is insufficient to establish citizenship. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). An unincorporated entity like an LLC is a citizen of all the states of which its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Any deficiency in the pleading of diversity jurisdiction may be disregarded if the plaintiff submits evidence that shows that Article III jurisdiction exists. *Travaglio*, 735 F.3d at 1269.

To start, Dr. Sexton and Caribbean's complaint fails to allege diversity jurisdiction. It fails entirely to allege Dr. Sexton's citizenship, and as it alleges that he is Caribbean's sole member, *see* Compl. ¶ 1, it fails to allege Caribbean's citizenship as well. As for the defendants, the complaint alleges only Meuse's residence. *Id.* ¶ 2. And even if it alleged Meuse's citizenship, it does not allege that he is Crystal Creek's sole member. *Id.* ¶¶ 2–3. It is thus impossible to tell from the complaint whether diversity jurisdiction exists.

The plaintiffs' supplemental evidence establishes more, but still not enough. The recent filing establishes the plaintiffs' citizenship. Dr. Sexton's affidavit explains that by July 2023 he was present in Florida and intended to remain there indefinitely. Sexton Aff. (Doc. 35-1) at 2. Combined with his allegation that he is Caribbean's sole member, that makes both Dr. Sexton and Caribbean Florida citizens. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022; *McCormick*, 293 F.3d at 1257–58. But that is as far as the new evidence goes. While a screenshot of Crystal Creek's website tends to show that Meuse and Sally Engel

3

are its members, (Doc. 35-2) at 9, the evidence does not establish the citizenship of either. A process server's affidavit tends to show that Engel resided in Evanston, Illinois as of March 19, 2024. (Doc. 35-3) at 1 ("Direct neighbor confirms Sally Engel to currently reside at location."). But residence is insufficient to establish citizenship. *See Travaglio*, 735 F.3d at 1269. And even if the evidence were sufficient as to Engel, Dr. Sexton and Caribbean offer no evidence of Meuse's citizenship. While their brief claims that "Meuse was a citizen of Virginia at the time of filing," (Doc. 35) at 6, "a sentence in an unsworn brief is not evidence," *Travaglio*, 735 F.3d at 1269. The plaintiffs therefore fail to show the defendants' citizenship.

The plaintiffs thus fail to establish subject-matter jurisdiction. Accordingly, the following is **ORDERED**:

1. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. The Report and Recommendation (Doc. 31) is **REJECTED AS MOOT.**

3. The Motion for Final Default Judgment (Doc. 23) is **DENIED AS MOOT.**

4. The clerk is directed to **TERMINATE** any pending deadlines and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 25, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge